**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Senior District Judge Richard P. Matsch**

Civil Action No. 12-cv-02421-RPM

SPRIRE OWNERS ASSOCIATION, INC.,

      Plaintiff,

v.

SIMPLEXGRINNELL, LP, and
SPIRIT DELIVERY AND DISTRIBUTION SERVICES, INC.,

      Defendants.

_____

**ORDER ON DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT, OR,**
**IN THE ALTERNATIVE, TO JOIN A REQUIRED PARTY**

_____

This action arose from the failure of a fire suppression system at the Spire Denver, a condominium building maintained and operated by Plaintiff Spires Owners Association, Inc. ("the Association"). A significant amount of water was released from the fire suppression system because of the failure, causing substantial property damage to the building.

Following the incident, Travelers Indemnity Company ("Travelers"), the Association's property insurer, paid $582,740.12 in benefits to, or on behalf of, the Association. In addition, the Association incurred an uninsured loss of $34,926.74 and paid a $10,000 deductible, for a total loss of $44,926.74. Travelers instituted this litigation in the name of the Association.

Defendants have jointly moved for summary judgment, seeking to dismiss Travelers' $582,740.12 portion of the claimed damages because the Association, the named Plaintiff, is not the real party in interest with respect to those damages, and Travelers, which is, failed to assert its claim before the two-year statute of limitations for negligence actions expired. In the

1

alternative, Defendants seek to join Travelers as a party.  The Association, naturally, opposes summary dismissal of Travelers' damages.

When an insurer pays part of an insured's loss, both the insured and the insurer are real parties in interest, and either may sue for recovery.  *Garcia v. Hall*, 624 F.2d 150, 151 (10th Cir. 1980) (citations omitted).  Here, the Association sued in a timely fashion to recover both its own uninsured losses and the losses incurred by Travelers in paying out the insurance claim.  Thus, it would be inappropriate to dismiss Travelers' damages on statute-of-limitations grounds.

A partial subrogee must be joined as a party upon motion by the defendant, so long as joinder does not defeat jurisdiction.  *Public Service Co. of Okl. v. Black and Veatch*, 467 F.2d 1143 (10th Cir. 1972) (affirming rule established in *Gas Serv. Co. v. Hunt*, 183 F.2d 417 (10th Cir. 1950)); *see also* Fed. R. Civ. P. 17(a), 19.  Since Travelers is partially subrogated in this action, and Defendants have moved to join Travelers as a party, the *Hunt* rule applies.  Travelers, which is incorporated in the State of Minnesota, would not destroy diversity of citizenship between the sides.  Accordingly, it is,

ORDERED that Defendants' Joint Motion for Partial Summary Judgment is denied, and it is,

FURTHER ORDERED that Travelers Indemnity Company be joined as a Plaintiff in this action.

Dated:  July 1, 2013.

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch
Senior District Judge