IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 12-cv-02421-RPM

SPIRE OWNERS ASSOCIATION, INC., and
THE TRAVELERS INDEMNITY COMPANY,

      Plaintiffs,

v.

SIMPLEXGRINNELL, LP, and
SPIRIT DELIVERY AND DISTRIBUTION SERVICES, INC.,

      Defendants.

_____

**ORDER GRANTING SIMPLEXGRINNELL LP'S MOTION FOR LEAVE TO DESIGNATE NON-PARTIES AT FAULT PURSUANT TO C.R.S. § 13-21-111.5**
_____

Defendant SimplexGrinnell seeks leave to designate non-parties at fault pursuant to C.R.S. § 13-21-111.5. The non-parties are ABS Consultants, Inc. ("ABS") and RNL Design ("RNL"), which, SimplexGrinnell contends, defectively designed and installed the Spire's plumbing system; and Spire Denver, LLC, the owner of the building, which SimplexGrinnell claims was negligent by not providing sufficient signage warning delivery trucks of the presence of fire sprinkler pipes in the delivery dock, and by failing to install bollards to prevent trucks from striking the sprinkler system while in the dock.

Plaintiff Spire Owners Association ("Association") opposes the Motion. Under C.R.S. § 13-21-111.5(3), SimplexGrinnell had 90 days after the Association filed its Complaint to designate non-parties at fault. That time has long passed: the Association filed

suit on September 12, 2012, and therefore the deadline was December 11, 2012. The Association claims that SimplexGrinnell's Motion is time-barred.

A court may extend the 90-day designation deadline if it "determines that a longer period is necessary." *Id.* To make that determination, courts consider whether: (1) defendant's neglect was excusable; (2) defendant alleges a meritorious claim or defense; and (3) whether relief from the deadline is consistent with equitable considerations. *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 84 (Colo. 2001) (en banc).

As to the plumbing entities RNL and ABS, those three factors support SimplexGrinnell's position. First, SimplexGrinnell did not discover the potential liability of RNL and ABS companies until this past summer, when expert opinions were obtained. SimplexGrinnell obtained plumbing design records as part of that process. Based on those records and an inspection of the Spire building, SimplexGrinnell's expert issued a report on July 3, 2013, concluding that the plumbing system was not installed according to the manufacturer's instructions. At that point, SimplexGrinnell could properly determine that RNL and ABS's work fell below the professional standard of care to support a negligence finding. *See id.* at 81 ("A proper non-party designation connects alleged facts with the established elements of negligence."); *id.* ("When a claimant levels a negligence or fault claim against a professional . . . [e]xpert testimony is generally necessary to assist the trier of fact in determining the applicable standards . . . ."). Accordingly, the Court concludes that SimplexGrinnell has shown excusable neglect.

SimplexGrinnell also alleges a meritorious claim for a non-party designation. The Association is entitled to recover damages for the cost of repairing the Spire from whomever is responsible for the damage caused by the failure of the sprinkler system.

SimplexGrinnell's theory is that when water from the broken sprinkler pipe in the Spire's mechanical room ran down the floor drains, the floor drains "backed up and caused black water/sewage to come out of the toilets and tubs on several of the lower floors of the building," which would not have occurred had the plumbing system been properly designed. [Doc. 44 at 2-3.] This claim makes ABS and RNL suitable non-party designees.

As to equitable considerations, the designation will not unduly prejudice the Association. Although additional discovery and expert opinion may be required, Plaintiffs have already had the plumbing system examined as part of their insurance investigation following the incident. In any event, the potential inconvenience to the Association is outweighed by SimplexGrinnell's interest in not being held accountable for more damages than it caused.

The designation of Spire Denver, LLC as a non-party at fault is a closer question, because of the issue of excusable neglect. SimplexGrinnell asserts that it was "misled" into believing that the Association owned the building, not Spire Denver, LLC, because the Association was identified as the owner in a proposed contract for work at the property after the incident. [Doc. 50 at 1-2.] The Court believes that, with some diligence, SimplexGrinnell could have corrected its misperception. The need for diligence was particularly apparent because, as SimplexGrinnell itself acknowledges, "the lack of protection of the sprinkler system in the loading dock was an issue in this case from the beginning . . . ." [*Id.* at 2.] That being an issue, properly identifying the owner of the building should have been a priority. And unlike the identification of RNL and ABS, identifying Spire Denver, LLC's potential liability as the building owner did not require lengthy investigation or expert testimony—a simple phone call or review of the building

3

records would likely have sufficed.  Given these considerations, the Court concludes that SimplexGrinnell's neglect with regard to Spire Denver, LLC was not excusable.

Nonetheless, SimplexGrinnell has raised a meritorious claim against Spire Denver, LLC:  if the factfinder determines that Spire Denver should have taken additional precautions to protect the sprinkler system in the delivery dock, that would likely factor into the jury's apportionment of fault.  In addition, the equities favor SimplexGrinnell.  As stated above, the issues of bollards and signage have been in play since this lawsuit began.  Therefore, designating Spire Denver, LLC would not unduly complicate or delay the case, and would not prejudice the Association.  Moreover, SimplexGrinnell ought to be given the opportunity to argue its position and the jury should be able to consider Spire Denver, LLC's negligence in apportioning fault.

For the foregoing reasons, it is,

ORDERED that SimplexGrinnell LP's Motion for Leave to Designate Non-Parties at Fault pursuant to C.R.S. § 13-21-111.5 is granted.

Dated:  November 18, 2013.

                                              BY THE COURT:

                                              s/Richard P. Matsch
                                              _____

                                              Richard P. Matsch
                                              Senior District Judge